09-1397-cr
*USA v. Spigelman (Rodriguez)*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17ᵗʰ day of March, two thousand and ten.

PRESENT: PIERRE N. LEVAL,
         ROBERT D. SACK,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

        -v.-                                    09-1397-cr

JOSE HERNANDO RODRIGUEZ,

                    *Defendant-Appellant,*

JOEL SPIGELMAN, also known as Joe, also known as Judas,
RICARDO CASTRO-CUBILLOS, also known as Marco Boniton,

                    *Defendants.*

_____

1

FOR APPELLANT:    ARZA FELDMAN, Feldman & Feldman,
                  Uniondale, NY

FOR APPELLEE:     MARISSA B. MOLÉ, KATHERINE POLK FAILLA,
                  Assistant United States Attorneys, *of
                  counsel*, for Preet Bharara, United States
                  Attorney for the Southern District of New
                  York, New York, NY

Appeal from the United States District Court for the Southern District of New York (Griesa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Jose Hernando Rodriguez ("Appellant") appeals from a judgment of the United States District Court for the Southern District of New York (Griesa, *J.*), entered on March 31, 2009, convicting Appellant of intentional murder in furtherance of a continuing narcotics trafficking enterprise in violation of 21 U.S.C. § 848(e), 18 U.S.C. § 2, and murder through the use of a firearm in violation of 18 U.S.C. § 924(j). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

At trial, the Government demonstrated that in March of 1999, Appellant orchestrated the robbery and murder of a woman who was transporting large amounts of cocaine. The

Government's case included the testimony of 14 witnesses, as well as corroborating evidence including, *inter alia*, an autopsy report and various crime scene photographs. Appellant's sole argument on appeal is that the district court erred in admitting the testimony of one of the Government's cooperating witnesses – Mr. Ramos – under the coconspirator exception to the rule against hearsay.  Fed. R. Evid. 801(d)(2)(E).[1]

We will not disturb a district court's findings respecting the applicability of the coconspirator exception unless they are clearly erroneous. *See United States v. Gigante*, 166 F.3d 75, 82 (2d Cir. 1999). "Moreover, any improper admission of coconspirator testimony is subject to harmless error analysis." *Id.* (citing *United States v. Orena*, 32 F.3d 704, 711 (2d Cir. 1994)).  Because we are unpersuaded by the Appellant's argument – and, in any event, any error in the admission of the testimony was harmless as a matter of law – we affirm the judgment of the district court.

---

[1] This rule provides that "[a] statement is not hearsay if ... [it] is offered against a party and is ... a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." 801(d)(2)(E).

To admit Ramos's testimony under the coconspirator exception, the district court was required to find two facts by a preponderance of the evidence: (1) that a conspiracy existed that included both the Appellant and the declarants; and (2) that the statements testified to were made during the course, and in furtherance, of that conspiracy. *Bourjaily v. United States*, 483 U.S. 171, 175 (1987). Although Appellant is correct that Mr. Ramos and the declarants were initially members of a different robbery crew, and each robbery crew began the day in question with a different plan, it is indisputable that the two crews later joined forces to murder the drug courier and divide the proceeds. Moreover, despite the fact that Mr. Ramos did not participate in the actual robbery and murder, the statements made to him of which he testified were made in furtherance of dividing the proceeds from the conspiratorial crime, and were therefore made in furtherance of the conspiracy. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 958-59 (2d Cir. 1990).

Furthermore, the admission of Mr. Ramos's testimony was harmless as a matter of law given the overwhelming evidence against Appellant at trial. Thus, we "can conclude with

4

fair assurance that the evidence did not substantially influence the jury." *United States v. Rivera*, 22 F.3d 430, 436 (2d Cir. 1994).

The Court has reviewed the Appellant's remaining arguments and finds them to be without merit. For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

```
                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk
```